Seth W. Wiener (California State Bar No. 203747)
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone:  (925) 487-5607
Email: sethwiener@yahoo.com

Attorney for Plaintiff
Elgin Mones

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELGIN MONES, | Case No.: 2:18-cv-3516 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| BRADLEY MARTYN, AND DOES 1 THROUGH 10, | |
| Defendants. | |

**INTRODUCTION**

1.      Plaintiff Elgin Mones ("Plaintiff" or "Mones") brings this lawsuit against Defendants Bradley Martyn and Does 1 through 10 (collectively, "Defendants") due to their infringement of Plaintiff's copyrighted design.

**PARTIES**

2.      Plaintiff Mones is an individual who resides in the State of Maryland. Mones is a fitness industry satirist.

3.      Plaintiff alleges on information and belief that Defendant Bradley Martyn ("Martyn") is an individual who resides in the Central District of California.

4.      Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 to 10, and therefore sues these Defendants by such fictitious names.

-1-

Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

5.      At all times relevant herein, and at the time of the transactions complained of, each of the Defendants were the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over this pursuant to 28 U.S.C. § 1331, 1332, 1338 and 1367 because the action arises under the Copyright Act (17 U.S.C. §§ 101, *et seq.*), and because Plaintiff and Defendants are citizens of different States and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS

8.      Mones sells parody fitness apparel on the internet, including through the website www.shopify.com.

9.      In 2017, Mones created a work of the visual arts, entitled Arm Day.

10.      On July 3, 2017, Plaintiff publicly displayed the Arm Day work on his Facebook, Instagram, and Twitter accounts

11.      The Arm Day work is prominently displayed on certain items of Mones' parody fitness apparel as shown in Exhibit A hereto.

12.      Mones has filed an application with the United States Copyright Office to register a copyright for the Arm Day work, and the application has been assigned Case Number 1-6502851419 by the United States Copyright Office.

13.      Plaintiff alleges on information and belief that Defendant Martyn has accessed Plaintiff's Arm Day work on the internet.

-2-

14.     In April 2018, Mones discovered that Martyn was selling apparel on www.shopify.com that was almost an exact copy of Plaintiff's Arm Day work. Attached hereto as Exhibit B is an exemplar of Martyn's infringing apparel.

15.     On April 13, 2018, Plaintiff filed a DMCA Takedown Notice with Shopify (USA) Inc. regarding Martyn's infringing apparel.

16.     In response to Plaintiff's DMCA Takedown Notice, Martyn filed a Counter-Notice with Shopify (USA) Inc. wherein he stated that: "The material that was removed was a BMFIT Arm Day Dad Hat. The Hat was listed on our site at https://www.bmfitgear.com/products/bmfit-arm-day-dad-hat."  Martyn further swore "under penalty of perjury, that I have a good faith belief that the affected material was removed or disabled as a result of a mistake or misidentification of the material to be removed or disabled."

17.     Plaintiff has never authorized or consented to Martyn's use of the Arm Day work.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## BY PLAINTIFF AGAINST ALL DEFENDANTS

18.     Plaintiff incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

19.     Defendants, without authorization, have used and are using Plaintiff's Arm Day work.

20.     Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of, and indifferent to the rights of Plaintiff.

21.     As a direct and proximate result of Defendants' infringement of Plaintiff's Arm Day work and exclusive rights under the Copyright Act, Defendants are liable for maximum statutory damage pursuant to 17 U.S.C. § 504(c) up to $150,000 for each of the copyrights infringed, where such infringement took place on or after the effective date of registration of the copyrights. Alternatively, at Plaintiff's election, pursuant to 17

-3-

Complaint

U.S.C. § 504(b), Plaintiff is entitled to its actual damages plus Defendants' profits from all infringements occurring on or after the effective date of registration of the copyright, as will be proven at trial.

22.   Plaintiff is entitled to its actual damages plus Defendants' profits from all infringements occurring prior to the effective date of registration of the copyright for the Arm Day work, as will be proven at trial.

23.   Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

24.   Defendants' conduct is causing, and unless enjoined by this Court, will continue to cause great and irreparable injury to Plaintiff that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctions requiring Defendants to employ reasonable methodologies to prevent or limit infringement of Plaintiff's Arm Day work.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief:

a.   General damages in an amount to be proven at trial, but not less than $150,000.00;

b.   Preliminary and permanently enjoin Defendants, as well as the Defendants' officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Defendants, from use of Plaintiff's Arm Day work;

c.   Find Defendants liable for infringement of the Arm Day work;

d.   Order an award to Plaintiff of all actual damages, in the minimum amount of $150,000.00, and an accounting of any gains, profits, and advantages derived by Defendants resulting from the infringing acts complained of herein;

e.   exemplary and punitive damages;

f.   attorney's fees and other litigation costs;

g.   costs of court;

-4-

h.    pre-judgment interest on all damages and/or profits awarded by the Court;

i.    such other and further relief to which they may be justly entitled.

### **DEMAND FOR TRIAL BY JURY**

Plaintiff Elgin Mones demands a trial by jury on all claims so triable.

Dated:  April 26, 2018              LAW OFFICES OF SETH W. WIENER

By: _____
Seth W. Wiener
Attorney for Plaintiff
ELGIN MONES

-5-

Complaint

**EXHIBIT A**



Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**



Complaint